1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  TINHO MANG, #322146
   tmang@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt Avenue
4  Irvine, CA 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  General Counsel for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10635-ES |
| ALICIA MARIE RICHARDS, | Chapter 7 |
| Debtor. | Adv. No. |
| RICHARD A. MARSHACK, Chapter 7 Trustee, | COMPLAINT FOR: |
| Plaintiff, | AVOIDANCE, RECOVERY, AND PRESERVATION OF: |
| v. | (1) UNPERFECTED LIEN ON REAL PROEPRTY [11 U.S.C. § 544, 550, 551] |
| GREGORY LAWRENCE REMSEN, JONATHAN STEVEN RICHARDS, KELLY MICHELLE RICHARDS, and ALICIA MARIE REMSEN RICHARDS, individually and in their capacities as Trustees or Co-Trustees of the REMSEN FAMILY TRUST, | (2) INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 548, 550 and 551]; |
| Defendants. | (3) CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 548, 550 and 551]; |
| | (4) INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550 and 551; CAL. CIV. CODE §§ 3439.04, 3439.07]; AND |
| | (5) CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 550 and 551; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07] |
| | (6) DISALLOWANCE OF CLAIM [11 U.S.C. § 502] |
| | [STATUS CONFERENCE TO BE SET BY COURT] |

1

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Alicia Marie Richards ("Debtor"), files this complaint against GREGORY LAWRENCE REMSEN, JONATHAN STEVEN RICHARDS, KELLY MICHELLE RICHARDS, and ALICIA MARIE REMSEN RICHARDS, in their individual capacities and as Trustees or Co-Trustees of the REMSEN FAMILY TRUST, and alleges as follows:

## Statement of Jurisdiction and Venue

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re Alicia Marie Richards*, Bankruptcy Case Number 8:21-bk-10635-ES.

2.      Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy Estate, has exclusive standing to bring this adversary proceeding pursuant to 11 U.S.C. § 323.

3.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (H), (K), and (O) and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding or a *Stern*-claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

4.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

## Parties

5.      Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

6.      Plaintiff alleges that, at all relevant times, Debtor is and was an individual residing in the State of California, County of Orange.

7.      Plaintiff alleges that the Remsen Family Trust was formed by declaration of trust executed on November 8, 2017, and the original trustees of the Remsen Family Trust were Gregory

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

Lawrence Remsen and Alicia Marie Remsen Richards (previously defined as "Debtor"). Successor

trustees include Jonathan Steven Richards and/or Kelly Michelle Richards.

## General Allegations

8.    On March 12, 2021 ("Petition Date"), Debtor filed a voluntary petition under Chapter

7 of Title 11 of the United States Code.

9.    On the same day, Plaintiff was appointed the Chapter 7 Trustee for Debtor's

bankruptcy case.

10.    Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial

Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the

information provided was true and correct.

11.    Debtor listed in her bankruptcy schedules an interest in real property commonly

known as 351 Catalina Drive, Newport Beach, CA ("Property"). The Property is legally described

as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF
NEWPORT BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA,
AND IS DESCRIBED AS FOLLOWS:

LOT 64 OF TRACT NO. 1136, IN THE CITY OF NEWPORT BEACH, COUNTY
OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
37, PAGES 18 AND 19 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

APN: 049-082-29

12.    The Property is undivided community property which was not subject to division

pursuant to a stipulated judgment entered in family court in connection with Debtor's divorce from

her ex-spouse Ryal Richards ("Mr. Richards"). As such, the Property is wholly property of the

bankruptcy estate.

13.    Because of recent increases in the value of real estate, the value of the Property is

approximately $1,662,500 as of September 2021. The historical value of the Property, however, was

substantially lower.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

14.     Debtor claims a $600,000 homestead exemption in the Property pursuant to Cal. Code Civ. Proc. § 704.730(a)(1), because the median sale price for a single family home in Orange County, California is in excess of $600,000.[1] The claim of exemption is not yet final.

## Allegations Regarding Liens and Transfer of Property

15.     Debtor and Mr. Richards acquired a 75% interest in the Property on April 22, 2002, from Patricia Strang, Mr. Richards' mother.

16.     On April 25, 2002, First Financial Credit Union recorded a deed of trust against the Property in the principal amount of $275,000. The First Financial Credit Union deed of trust is currently the first-in-priority lien recorded against the Property.

17.     On July 26, 2007, a grant deed was recorded transferring the remaining 25% to the Property to Debtor and Mr. Richards. Debtor and Mr. Richards hold title to the Property as joint tenants, which is treated as presumptively community property. *See In re Brace*, 9 Cal.5th 903, 938 (2020) ("For joint tenancy property acquired with community funds on or after January 1, 1975, the property is presumptively community in character.").

18.     Also on July 26, 2007, a deed of trust was recorded against in the face amount of $100,000 in favor of Orange County Teachers Federal Credit Union (now SchoolsFirst). The SchoolsFirst deed of trust is currently the second-in-priority lien recorded against the Property.

19.     On February 17, 2005, an abstract of a judgment against Debtor in the face amount of $3,544.68 was recorded in Orange County by Acceptance LLC creating a judgment lien against the Property.

20.     On March 15, 2016, a family law attorneys' real property lien was recorded against the Property by Brian W. Baron, Debtor's family law counsel, in the face amount of $25,800.

21.     On October 7, 2016, a second family law attorneys' real property lien was recorded against the Property by Eugene V. Zech, Debtor's family law counsel, in the face amount of $35,000.

---

[1] The median sale price of a single family home in August 2021 was $1,100,000. *See* California Association of Realtors, Sale and Price Activity (SFH Homes), *available at* https://car.sharefile.com/share/view/s6a363860f324a1bb.

4

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

22.     On March 1, 2017, a third family law attorneys' real property lien was recorded against the Property by Kevin E. Robinson, Mr. Richards' family law counsel, in the face amount of $75,000.

23.     On August 16, 2018, the Internal Revenue Service ("IRS") recorded a notice of federal tax lien against Mr. Richards in the face amount of $15,651.54.

24.     On May 1, 2019, Eugene V. Zech recorded an abstract of judgment in the face amount of $70,263.40 against Debtor.

25.     On October 8, 2019, Eugene V. Zech recorded a second abstract of judgment in the facea mount of $70,263.40 against Debtor.

26.     On December 29, 2020, Patricia Strang recorded an abstract of judgment in the face amount of $4,044.95 against Debtor.

27.     Also on December 29, 2020, Kevin E. Robinson recorded an abstract of judgment in the face amount of $5,564.95 against Debtor.

28.     On February 4, 2020, Debtor executed, notarized, and delivered a deed of trust in favor of the Remsen Family Trust, in the principal amount of $235,280.88 ("Unrecorded Trust Deed"). The Unrecorded Trust Deed referred to "indebtedness evidenced by Borrower's note dated 12/1/2017 and extensions and renewals thereof." A copy of the Unrecorded Trust Deed is attached as Exhibit "1" and incorporated by reference.

29.     As of the Petition Date, the Unrecorded Trust Deed had not been recorded in the recorder's office for the County of Orange.

30.     On September 3, 2021, a proof of claim was filed in the bankruptcy case and signed by Debtor on behalf of the Remsen Family Trust, in the amount of $256,011.38, with a fixed annual interest rate of 8%. The proof of claim alleges to be secured by the Property.

### First Claim for Relief

### Avoidance, Recovery, and Preservation of Unperfected Transfer (Lien)

### [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code § 1214]

31.     Plaintiff incorporates by reference Paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST
4848-3639-0909v.3-1015-148

32.     The Remsen Family Trust qualifies as a statutory insider of Debtor pursuant to 11 U.S.C. § 101(31)(A)(i).

33.     The Unrecorded Trust Deed is enforceable and valid as between Debtor and the Remsen Family Trust. *See* Cal. Civ. Code § 1217 ("An unrecorded instrument is valid as between the parties thereto and those who have notice thereof.").

34.     Pursuant to 11 U.S.C. § 544(a)(1), a trustee in bankruptcy has the status of a hypothetical judgment lien creditor who extends credit to debtor at the time of filing and, at that moment, obtains a judicial lien on all property in which debtor has any interest. This status arises without regard to whether such a creditor actually exists. As such, the trustee can avoid the Unrecorded Deed of Trust because, on the petition date, a hypothetical unsecured creditor could have obtained a judicial lien superior to such Unrecorded Deed of Trust.

35.     The Unrecorded Trust Deed is not enforceable and is invalid as to third parties without notice of the existence of the Unrecorded Trust Deed including a hypothetical judgment lien creditor that perfects its judgment lien prior the subject deed of trust being recorded. *See* Cal. Civ. Code § 1214.

36.     Pursuant to 11 U.S.C. § 544(a)(3), Trustee has all the rights and powers of "a bona fide purchaser of real property" as of the bankruptcy petition date. *See* 11 U.S.C. § 544(a)(3); *see also Taxel v. Chase Manhattan Bank (In re Deuel)*, 361 B.R. 509, 517-18 (B.A.P. 9th Cir. 2006) ("Trustee as a hypothetical bona fide purchaser is deemed to have given value for the Property without any knowledge of Chase's Unrecorded Deed of Trust and in reliance on the real estate records… Trustee's status as a bona fide purchaser is not simply a legal technicality.").

37.     Plaintiff may avoid the Unrecorded Trust Deed under 11 U.S.C. § 544(a). *In re Seaway Express Corp.*, 912 F.2d 1125, 1128-29 (9th Cir. 1990) ("a bona fide purchaser prevails over a prior unrecorded conveyance.").

38.     Under 11 U.S.C. § 550, Trustee is entitled to recover the property transferred or the value of the Unrecorded Trust Deed.

39.     Upon recovery under Section 550, Plaintiff is entitled to preserve the avoided transfers or avoided liens for the benefit of the Estate pursuant to 11 U.S.C. § 551.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

**Second Claim for Relief**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**[11 U.S.C. §§ 548(a)(1)(A), 550 and 551]**

40.     Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

41.     The Unrecorded Trust Deed occurred within two years of the Petition Date.

42.     The Unrecorded Trust Deed effectuated a transfer of an interest of the Debtor in property in that the Unrecorded Trust Deed was effective as between the Remsen Family Trust and Debtor. *See* Cal. Civ. Code § 1217 ("An unrecorded instrument is valid as between the parties thereto and those who have notice thereof.").

43.     The Unrecorded Trust Deed was made with actual intent to hinder, delay, or defraud Debtor's creditors. Specifically, the Unrecorded Trust Deed was made by Debtor with the actual intent to hinder, delay, or defraud Debtor's ex-spouse Mr. Richards and to reduce the unencumbered value of the Property when it was sold. Badges of fraud in the circumstances of the transfer also indicate an actual intent to hinder, delay, or defraud Debtor's creditors. *See Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 806 (9th Cir. 1994).

44.     Debtor did not receive reasonably equivalent value in consideration for the Unrecorded Trust Deed.

45.     The Unrecorded Trust Deed effectuated a transfer of substantially all of Debtor's nonexempt property (i.e. the amount not subject to Debtor's claimed homestead exemption).

46.     At the time of the execution of the Unrecorded Trust Deed, Debtor was insolvent or imminently anticipated to become insolvent, and had been involved for a number of years with contentious litigation with Mr. Richards.

47.     The Unrecorded Trust Deed was made to an insider of the Debtor. The Remsen Family Trust was created with Debtor as one of the co-trustees and is the family trust for Debtor and her paternal family.

48.     The Remsen Family Trust did not receive the Unrecorded Trust Deed in good faith.

49.     The Remsen Family Trust is not a bona fide purchaser or bona fide creditor.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

4848-3639-0909v.3-1015-148

50.     Based on the foregoing, Plaintiff may avoid the Unrecorded Trust Deed as an actual fraudulent transfer under 11 U.S.C. § 548(a)(1)(A).

51.     Based on the foregoing, Plaintiff may recover the Unrecorded Trust Deed or the value of the Unrecorded Trust Deed for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

### Third Claim for Relief

### Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer
### [11 U.S.C. §§ 548(a)(1)(B), 550 and 551]

52.     Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

53.     The Unrecorded Trust Deed occurred within two years before the Petition Date.

54.     The Unrecorded Trust Deed effectuated a transfer of property of the Debtor to the Remsen Family Trust in that it created a lien against the Property.

55.     Debtor received no consideration or reasonably equivalent value in exchange for the Unrecorded Trust Deed.

56.     At the time of the Unrecorded Trust Deed, Debtor was insolvent or imminently anticipated to become insolvent, and had been involved for a number of years with contentious litigation with Mr. Richards.

57.     The Unrecorded Trust Deed was transferred to an insider of the Debtor. The Remsen Family Trust was created with Debtor as one of the co-trustees and is the family trust for Debtor and her paternal family.

58.     The Unrecorded Trust Deed was made outside the ordinary course of business.

59.     Based on the foregoing, Plaintiff may avoid the Unrecorded Trust Deed under 11 U.S.C. § 548(a)(1)(B).

60.     Based on the foregoing, Plaintiff may recover the Unrecorded Trust Deed or the value of the Unrecorded Trust Deed and preserve such avoided lien for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST
4848-3639-0909v.3-1015-148

## Fourth Claim for Relief

## Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

### [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07]

61.    Plaintiff incorporates by reference Paragraphs 1 through 30, and realleges these paragraphs as though set forth in full.

62.    Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtor which is voidable under applicable law by an unsecured creditor of the Debtor, including under California Civil Code § 3439.04.

63.    The Unrecorded Trust Deed by Debtor effectuated a transfer of an interest of the Debtor in property.

64.    The Unrecorded Trust Deed occurred within four years of the Petition Date.

65.    The Unrecorded Trust Deed was transferred with the actual intent to hinder, delay or defraud the Debtor's creditors.

66.    Specifically, the Remsen Family Trust, as Debtor's own family trust for which she was the founding co-trustee, is and would be considered an insider under Cal. Civ. Code § 3439.04(b)(1).

67.    At the time of the Unrecorded Trust Deed, Debtor was involved in contentious litigation with her ex-spouse Ryal Richards, and was involved in litigation with a significant number of other parties including various family law attorneys and her mother-in-law.

68.    The Unrecorded Trust Deed effectuated a transfer of all or substantially all of Debtor's property, representing all or most of the unencumbered equity in the Property over and above previously recorded liens.

69.    The Unrecorded Trust Deed was made for no contemporaneous consideration, which constituted less than reasonably equivalent value.

70.    The Unrecorded Trust Deed was made at a time when Debtor was insolvent or rendered insolvent by virtue of said transfer.

71.    Based on the foregoing, Plaintiff may avoid the Unrecorded Trust Deed pursuant to 11 U.S.C. § 544, and California Civil Code § 3439.04.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

72.     Based on the foregoing, Plaintiff may avoid, preserve, and recover the Unrecorded Trust Deed or the value of the Property subject to the Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## Fifth Claim for Relief

## Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer

## [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.05 and 3439.07]

73.     Plaintiff incorporates by reference Paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

74.     Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtor which is voidable under applicable law by an unsecured creditor of the Debtor, including under California Civil Code § 3439.05.

75.     Debtor received no value in exchange for the Unrecorded Trust Deed, and therefore Debtor did not receive reasonably equivalent value in exchange for the Unrecorded Trust Deed.

76.     At the time the Unrecorded Deed of Trust was transferred, Debtor was either insolvent or became insolvent as a result of the Unrecorded Trust Deed.

77.     Based on the foregoing, Plaintiff may avoid the Unrecorded Trust Deed pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.05.

78.     Based on the foregoing, Plaintiff may avoid, recover, and preserve the Unrecorded Trust Deed or the value of the Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## Sixth Claim for Relief

## Disallowance of Claim

## [11 U.S.C. § 502]

79.     Plaintiff incorporates by reference Paragraphs 1 through 78 and realleges those paragraphs as though set forth in full.

80.     Proof of claim number 13-1 was filed as a fully secured claim by the Remsen Family Trust. As set forth above, the Unrecorded Trust Deed was never recorded and therefore is ineffective against third parties without notice, including Plaintiff.

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST

4848-3639-0909v.3-1015-148

81. The proof of claim should be disallowed as a secured proof of claim.

82. Moreover, the Bankruptcy Code provides that "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section … 544… [or] 548 … of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable…" 11 U.S.C. § 502(d).

83. To the extent that Plaintiff prevails in avoidance, preservation, or recovery of the Unrecorded Trust Deed, any and all proofs of claim filed on behalf of the Remsen Family Trust must be disallowed unless or until any judgment for money is timely paid or any judgment avoiding defendants' interest is timely filed.

## Prayer

WHEREFORE, Plaintiff prays for judgment against the Remsen Family Trust as follows:

### First Claim for Relief

1. For entry of judgment avoiding the Unrecorded Trust Deed as an unperfected lien under Plaintiff's strong arm powers (11 U.S.C. § 544(a)(1) and (a)(3)) and California Civil Code § 1214;

2. For recovery of the Unrecorded Trust Deed for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

3. For preservation of the avoided Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

### Second Claim for Relief

4. For entry of judgment avoiding the Unrecorded Trust Deed as an actual fraudulent transfer under 11 U.S.C. § 548(a)(1)(A);

5. For recovery of the Unrecorded Trust Deed for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

6. For preservation of the avoided Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST
4848-3639-0909v.3-1015-148

### Third Claim for Relief

7.    For entry of judgment avoiding the Unrecorded Trust Deed as a constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B);

8.    For recovery of the Unrecorded Trust Deed for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

9.    For preservation of the avoided Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

### Fourth Claim for Relief

10.    For entry of judgment avoiding the Unrecorded Trust Deed as an actual fraudulent pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04;

11.    For recovery of the Unrecorded Trust Deed for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

12.    For preservation of the avoided Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

### Fifth Claim for Relief

13.    For entry of judgment avoiding the Unrecorded Trust Deed as a constructive fraudulent transfer pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05;

14.    For recovery of the Unrecorded Trust Deed for the benefit of the Estate or a monetary judgment equal to the value of the property transferred;

15.    For preservation of the avoided Unrecorded Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

### Sixth Claim for Relief

16.    For disallowance of Proof of Claim No. 13-1 as a secured claim;

17.    For complete disallowance of Proof of Claim No. 13-1 to the extent that any avoided transfer is not timely paid or turned over to Plaintiff;

### On All Claims for Relief

18.    For reasonable fees and costs incurred by Plaintiff in prosecuting this action to the maximum extent allowable under law; and

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST
4848-3639-0909v.3-1015-148

1    19.    For such other and further relief as the Court may deem just and proper.

2

3  DATED: October 14, 2021            MARSHACK HAYS LLP

4
                                     By: /s/ D. Edward Hays
5                                        D. EDWARD HAYS
                                         TINHO MANG
6                                        General Counsel for Plaintiff and Chapter 7
                                         Trustee, RICHARD A. MARSHACK
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT TO AVOID UNRECORDED DEED OF TRUST
4848-3639-0909v.3-1015-148

**EXHIBIT "1"**

**RECORDING REQUESTED BY:**

Jonathan Richards

**WHEN RECORDED MAIL TO:**

Jonathan Richards
351 Catalina Drive
Newport Beach,
CA 92663

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST – WITH REQUEST FOR NOTICE

THIS DEED OF TRUST is made this first day of February among the Trustor, Alicia Marie Richards (herein "Borrower"), Jonathan Richards (herein "Trustee"), and the beneficiary, Remsen Family Trust, a corporation organized and existing under the laws of California whose address is 351 Catalina Drive, Newport Beach, California 92663 (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Orange, State of California:

Lot 64 of tract 1136, as per map recorded in book 37, pages 18 and 19 of miscellaneous maps in the Orange County Recorder Assessor parcel number 049-082-29

WHICH HAS THE PROPERTY ADDRESS OF:

STREET: 351 Catalina Drive
CITY:   Newport Beach
STATE:  California
ZIP:    92663 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now and hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

TO SECURE to Lender (a) the repayment of the indebtedness evidenced by Borrower's note dated 12/1/2017 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $235,280.88 Dollars, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on per terms of the note; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of records.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit developed assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

Borrower's Initials
Deed of Trust – with Request for Notice

EXHIBIT "1"
PAGE 14

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless annual accounting of the Funds showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

Borrower's Initials _____

Deed of Trust – with Request for Notice

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein; and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender, at Lender's option, may require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorney's fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or

Borrower's Initials

Deed of Trust – with Request for Notice

Trustee shall mail copies of such notice in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees; and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all cost of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the County where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor Trustee. The successor Trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

Borrower's Initials

Deed of Trust - with Request for Notice

**REQUEST FOR NOTICE OF DEFAULT**
------------------**AND FORECLOSURE UNDER SUPERIOR**------------------
**MORTGAGE OR DEED OF TRUST**

Borrower and Lender request the holder of any mortgage, Deed of Trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrances and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code of California, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the Deed of Trust (or mortgage) recorded 6-4-14 in Book 37 , Page 1319 , records of County, (or filed for record with recorder's serial number 049-062-29 County, California.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Dated: 2-4-2020 _____    _Olivia Marie Richards_

                                            ALICIA MARIE RICHARDS

STATE OF CALIFORNIA                }
                                   }ss    _____
COUNTY OF _____    }

On _____ before me    _____

_____, Notary Public,    _____

personally appeared _____    _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

SPACE BELOW RESERVED FOR NOTARY SEAL

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

_Omar Macario Rios_
NOTARY'S NAME (typed or legibly printed)

**REQUEST FOR RECONVEYANCE**

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____

Borrower's Initials _____
Deed of Trust - with Request for Notice

_See attachment_

## California All-Purpose Acknowledgment

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Orange

On __02/04/20__ before me, ___Omar Macario Rios_____, notary public, personally appeared __***Alicia Richards***_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> OMAR MACARIO RIOS
> Notary Public - California
> Orange County
> Commission # 2254849
> My Comm. Expires Aug 18, 2012

---

### Optional

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal of this reattachment of this form to another document.*

Description of Attached Document

Title or Type of Document: _____

Document Date: _____  # of Pages: _____

Signer(s) Other Than Named Above: _____

